## APPEAL OF PACIFIC BAKING CO.

Docket No. 84.   Submitted June 1, 1925.   Decided September 7, 1925.

Evidence *held* insufficient to prove value of good will for purposes of invested capital.

*Adrian C. Humphreys, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

This appeal is from a determination by the Commissioner of deficiencies in income and profits taxes for the years 1917, 1918, and 1919 amounting to $18,239.34.

The single question presented at the hearing relates to the exclusion from invested capital of $300,000 of stock issued for alleged good will upon the organization of the taxpayer.

### FINDINGS OF FACT.

The taxpayer is a California corporation with its principal office in Los Angeles.

On April 4, 1914, one, William E. Long, who was managing director of the taxpayer from 1914 to 1922, paid one, Fothergill, $20,000 for an option to purchase the business and assets of the Buffalo Baking Co. for $225,000. Long thereupon transferred the option to the taxpayer for $300,000 par value of the taxpayer's common stock and the taxpayer assumed Long's liability to Fothergill. The taxpayer then discharged that liability by paying Fothergill, on behalf of Long, $125,000 in cash, $25,000 par value of the taxpayer's preferred stock, and the balance of $75,000 by mortgage note, and the property was transferred to the taxpayer.

The taxpayer claimed for invested capital purposes a good-will value equal to the common stock, $300,000.

The Commissioner disallowed the inclusion of good will in any amount as unsubstantiated by proof of value and determined deficiencies in tax for the years 1917, 1918, and 1919 in the aggregate amount of $18,239.34, from which determination the taxpayer duly appealed to this Board.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination by the Board will be settled on 7 days' notice, in accordance with Rule 50.

OPINION.

IVINS: In 1914 the taxpayer acquired the business previously carried on by the Buffalo Baking Co. It issued to one Long, in payment for an option, $300,000 par value of common stock which it seeks to have included in invested capital (to the extent permitted under the revenue acts), as representing good will to that value, paid in for stock.

The taxpayer is located in Los Angeles, Calif., where all of its books and records are stated to be. At the hearing it attempted to prove the necessary facts solely by the oral testimony of its managing director who sought to testify as to what the books of the taxpayer and the Buffalo Baking Co. would disclose. No original records of any kind were introduced. There is nothing before us upon which we can predicate a finding that the taxpayer acquired $300,000 of good will for its common stock, or any asset of value in excess of $20,000. The fact that stock of a certain *par* value is given for something is no evidence of the *actual* value of that thing for the purpose of computing invested capital. *Appeal of William Ziegler, Jr.,* 1 B. T. A. 186; *Appeal of Central Consumers Wine & Liquor Co.,* 1 B. T. A. 1190.

The cash payment by Long to Fothergill of $20,000 for the option which the taxpayer acquired for its common stock is evidence of value to that amount, and invested capital should include $20,000 on account of this item.

On reference to the Board, ARUNDELL took no part in the consideration.