*392 OPINION.
Ivins:
In 1914 the taxpayer acquired the business previously carried on by the Buffalo Baking Co. It issued to one Long, in payment for an option, $300,000 par value of common stock which it seeks to have included in invested capital (to the extent permitted under the revenue acts), as representing good will to that value, paid in for stock.
The taxpayer is located in Los Angeles, Calif., where all of its books and records are stated to be. At the hearing it attempted to prove the necessary facts solely by the oral testimony of its managing director who sought to testify as to what the books of the' taxpayer and the Buffalo Baking Co. would disclose. No original records of any kind were introduced. There is nothing before us upon which we can predicate a finding that the taxpayer acquired $300,000 of good will for its common stock, or any asset of value in excess of $20,000. The fact that stock of a certain par value is given for something is no evidence of the actual value of that thing for the purpose of computing invested capital. Appeal of William Ziegler, Jr., 1 B. T. A. 186; Appeal of Central Consumers Wine & Liquor Co., 1 B. T. A. 1190.
The cash payment by Long to Fothergill of $20,000 for the option which the taxpayer acquired for its common stock is evidence of value to that amount, and invested capital should include $20,000 on account of this item.
On reference to the Board, Arundell took no part in the consideration.